STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

JAMES P. BAILEY,
Claimant Below, Petitioner

vs.)    No. 13-0824 (BOR Appeal No. 2048082)
                 (Claim No. 2012009867)

ALPHA NATURAL RESOURCES, INC.,
Employer Below, Respondent

MEMORANDUM DECISION

Petitioner James P. Bailey, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alpha Natural Resources, Inc., by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 5, 2013, in which the Board affirmed a January 2, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 21, 2012, decision which denied a request to add the thoracic spine as a compensable component of the claim and denied an MRI and physical therapy for the thoracic spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bailey, a coal miner, was injured on September 15, 2011, while working underground when a large piece of rock fell and struck his head. He was treated that day at Raleigh General Hospital where he reported neck pain, stiffness, and a headache. The claim was held compensable for contusion of the face, scalp, and neck. On September 26, 2011, Mr. Bailey was again treated at Raleigh General Hospital. He reported lower back pain that began that morning with no acute injury and was diagnosed with lumbar sprain/strain. Mr. Bailey was

1

referred to Rajesh Patel, M.D., who diagnosed thoracic sprain, lumbar sprain, and lumbar radiculitis.

A physician's review was performed by Rebecca Thaxton, M.D., on January 16, 2012, to determine whether the thoracic spine should be added as a compensable component of the claim. Dr. Thaxton stated that pursuant to West Virginia Code of State Rules § 85-20-37.2 (2006), Mr. Bailey is outside of the timeframe guideline for the development/onset of symptoms of low to mid-back sprain/strain injuries as a result of the compensable injury. The treatment note from the date of injury does not document any lower back pain or injury, and on examination that day the lower back was non-tender with painless range of motion. There was no diagnosis regarding the mid to lower back. Dr. Thaxton opined that Mr. Bailey did not develop pain until ten days later, which does not correlate with a work-related injury. She also noted that he has degenerative changes of the lumbar and thoracic spine.

The StreetSelect Grievance Board also recommended denying the addition of the thoracic spine to the claim as well as a request for authorization of a thoracic MRI and physical therapy. It determined that any residuals from the compensable injury would have manifested sooner, and there was insufficient evidence to support a connection between the compensable injury and the onset of pain more than a week later. It noted that a previous request to add the lumbar spine to the claim was also denied.

An independent medical evaluation was performed on July 26, 2012, by H.R. Fleschner, D.C.C.R.P. He opined that Mr. Bailey suffered a traumatic lumbar sprain, a herniated disc radiculitis ligamentous sprain, and a traumatic thoracic sprain with bulging. The lumbar and thoracic injuries were not yet at maximum medical improvement. He stated that all of the conditions are the result of the compensable injury. Prasadarao Mukkamala, M.D., disagreed in a September 13, 2012, independent medical evaluation. Dr. Mukkamala found that Mr. Bailey did not injure his lumbar or thoracic spine at the time of the compensable injury. He stated that a sprain/strain would have caused pain within twenty-four hours of injury. Mr. Bailey did not develop pain until several days later and was not working when the pain occurred.

The claims administrator denied Mr. Bailey's request to add the thoracic spine as a compensable component of the claim and denied an MRI and physical therapy for the thoracic spine on February 21, 2012. The Office of Judges affirmed the decision in its January 2, 2013, Order. The Office of Judges found that despite Dr. Fleschner's assertion, records from Raleigh General Hospital dated September 15, 2011, and September 26, 2011, show that Mr. Bailey had no lumbar or thoracic spine pain until September 26, 2011, eleven days after the compensable injury occurred. Mr. Bailey reported on September 26, 2011, that he woke up in pain and he denied any further injury. Drs. Mukkamala and Thaxton both noted that pain from a sprain/strain presents no more than twenty-four hours after an injury. The Office of Judges determined that it was illogical for a spontaneous onset of lumbar and thoracic pain to be related to an incident which occurred eleven days prior.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its July 5, 2013, decision. On appeal, Mr. Bailey argues, per the

reports of Dr. Patel and Dr. Fleschner, that he injured his thoracic spine as a result of the compensable injury. Alpha Natural Resources, Inc., asserts that Mr. Bailey failed to meet his burden of proof to establish that his compensable injury resulted in an injury to his thoracic spine.

After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Mr. Bailey did not sustain an injury to his thoracic spine as a result of the compensable injury. The request for medical treatment for the thoracic spine was therefore also properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin, disqualified

3